

**U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**



**The following constitutes the ruling of the court and has the force and effect therein described.**

**United States Bankruptcy Judge**

**Signed March 24, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 08-31961-BJH |
| HOME INTERIORS & GIFTS, INC., a Texas Corporation, | § § § | (Chapter 11) |
| Debtors.[1] | § § § | Jointly Administered |
| | § | |
| DENNIS S. FAULKNER, CREDITOR TRUST TRUSTEE, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary Proc. No. 10-03104-BJH |
| WYNDHAM JADE, LLC., | § § § | |
| Defendant. | § | |

---

[1] The remaining debtors include (i) Dallas Woodcraft Company, LLC, a Delaware Limited Liability Company, case no. 08-31960, (ii) DWC GP, LLC, a Delaware Limited Liability Company, case no. 08-31963 (iii) Titan Sourcing, LLC, a Delaware Limited Liability Company, case no. 08-31964, (iv) Laredo Candle Company, LLC a Texas Limited Liability Company, case no. 08-31965, (v) HIG Holdings, LLC, a Texas Limited Liability Company, case no. 08-41855, and (vi) Home Interiors de Puerto Rico, Inc., a Delaware Corporation, case no. 08-31967. The bankruptcy cases for all above-referenced debtors are procedurally consolidated under the bankruptcy case and style referenced above.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW** - Page 1

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On March 10, 2011, the Court concluded a trial (the "Trial") on the above-captioned adversary proceeding (the "Adversary Proceeding") to resolve the Trustee's (as defined below) claims against Wyndham Jade, LLC ("Wyndham"), as asserted through the Adversary Proceeding. Having reviewed the pleadings filed in the Adversary Proceeding and considered the evidence and arguments presented at the Trial and upon the record before it, the Court issues and enters its following findings of fact and conclusions of law:[2]

### I. PROCEDURAL BACKGROUND

1. On April 28, 2008 (the "Petition Date"), Home Interiors & Gifts, Inc. and its affiliated debtors (collectively, the "Debtors") commenced their respective voluntary bankruptcy cases (the "Bankruptcy Cases"). On November 25, 2008, the Court entered its order [Bankruptcy Case Docket No. 833] in the Bankruptcy Case appointing Dennis S. Faulkner (the "Trustee") as Chapter 11 Trustee for the Debtors' bankruptcy estates (the "Estates").

2. On May 28, 2010, the Court confirmed the Trustee's Amended Plan of Liquidation [Bankruptcy Case Docket No. 1554] (the "Plan"). On June 11, 2010, the Plan became effective, thereby creating the Creditor Trust and appointing the Trustee as the Creditor Trust Trustee. *See Notice of (A) Entry of an Order Confirming the First Amended Plan of Liquidation, as Modified and (B) Occurrence of the Effective Date* [Bankruptcy Case Docket No. 1588]. Pursuant to the terms of the Plan, the Trustee is the successor in interest to the Debtors and is the holder of, with standing to assert, Chapter 5 avoidance actions as well as other causes of action for the benefit of the Estates.

3. On April 28, 2010, the Trustee filed his *Original Complaint Against Wyndham*

---

[2] All findings of fact which constitute conclusions of law, and all conclusions of law which also constitute findings of fact, shall be treated as same herein.

*Jade, LLC to Avoid and Recover Avoidable Transfers* [Docket No. 1]. On June 9, 2010, Wyndham filed its *Answer to Original Complaint of Dennis S. Faulkner* [Docket No. 5] within the bounds of an extension of the response deadline granted by the Trustee.

4. On June 16, 2010, the Trustee filed his *Amended Complaint Against Wyndham Jade, LLC to Avoid and Recover Avoidable Transfers* [Docket No. 6] (the "Amended Complaint") seeking to avoid the Transfer (as defined herein) and recover same from Wyndham. On July 21, 2010, Wyndham filed its *Answer to Amended Complaint of Dennis S. Faulkner* [Docket No. 7] (the "Amended Answer") within the bounds of an extension of the response deadline granted by the Trustee.

## II. ISSUES

5. The issues presented to the Court for determination are as follows:

   a. Whether the Transfer is avoidable pursuant to section 549 of the Bankruptcy Code; and

   b. Whether, upon avoidance of the Transfer, Wyndham is obligated to return the Transfer, or the value thereof, to the Trustee pursuant to section 550 of the Bankruptcy Code.

## III. FINDINGS OF FACT

**A.  Wyndham**

6. Wyndham is a Delaware limited liability company in the hospitality industry. Specifically, Wyndham is a travel and event services support company that, prior to the Petition Date, assisted the Debtors with arranging conferences for the Debtors' sales representatives.

**B.  The Transfer**

7. After the Petition Date, the Debtors transferred an interest in certain property to Wyndham (the "Transfer"). The Transfer was a transfer by the Debtors of property of the Estates to Wyndham. The Transfer was not authorized by the Bankruptcy Code or the Court.

8. The Transfer arises from Check No. 618739 (the "Check"), which was issued by Home Interiors & Gifts, Inc. to Wyndham in the total amount of $56,596.17 prior to the Petition Date and which cleared on May 2, 2010 after the Petition Date. The Check was payment for certain pre-petition invoices (collectively, the "Invoices") issued by Wyndham to Home Interiors & Gifts, Inc. as follows:

    a. Invoice No. 018009 dated February 25, 2008 in the amount of $15,892.17;

    b. Invoice No. 018107 dated March 28, 2008 in the amount of $18,128.00;

    c. Invoice No. 018108 dated March 28, 2008 in the amount of $17,684.00; and

    d. Invoice No. 018128 dated March 31, 2008 in the amount of $4,892.00.

9. Wyndham issued the Invoices to Home Interiors & Gifts, Inc. on account of services provided by Wyndham to the Debtors prior to the date of issuance of said Invoice.

10. The Transfer was made on account of pre-petition debts owing at the time of the Transfer from Home Interiors & Gifts, Inc. to Wyndham.

11. Wyndham was the immediate transferee of the Transfer.

12. The Plan establishes the Creditor Trust for the benefit of its beneficiaries, the Estates' creditors, and provides that the Creditor Trust Trustee is the successor to the Estates in relevant respects. The Plan generally charges the Trustee to collect and liquidate Creditor Trust assets for the benefit of its beneficiaries.

### IV.   CONCLUSIONS OF LAW

**A.   Jurisdiction**

13. The Adversary Proceeding involves the Trustee's claims against Wyndham for the avoidance and recovery of the Transfer pursuant to sections 549 and 550 of the Bankruptcy

Code. Accordingly, the Court has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334, as preserved by Section 6.18 of the Plan. The Adversary Proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F). Venue is proper in this District under 28 U.S.C. § 1409.

**B.     Avoidance and Recovery of the Transfer**

14.     The Transfer represents a transfer of the property of the Estates to and for the benefit of Wyndham. The Transfer occurred after the Petition Date on account of pre-petition debts and was not authorized by the Bankruptcy Code or the Court. Wyndham is the immediate transferee of the Transfer. Therefore, the Transfer is subject to avoidance under section 549 of the Bankruptcy Code. *See* 11 U.S.C. § 549(a).

15.     The Trustee's claims for avoidance and recovery of the Transfer constitutes an asset of the Creditor Trust. Recovery of the value of the Transfer for the Creditor Trust and its beneficiaries constitutes a benefit to the Estates.

16.     The Trustee is entitled to the recovery of the avoided Transfer from Wyndham under section 550 of the Bankruptcy Code because the Transfer is avoidable pursuant to section 549 of the Bankruptcy Code and Wyndham is the immediate transferee of the Transfer. *See* 11 U.S.C. § 550(a). Recovery of the Transfer shall be in the form of a money judgment against Wyndham in the amount of the avoided Transfer, $56,596.17. Such money judgment shall have accrued pre-judgment interest at the current prevailing Federal Funds Rate of .25% from the date of the Transfer and shall continue to accrue post-judgment interest at the currently prevailing Federal Post-Judgment Rate of .25% [as of the week ending 03/11/2011] until satisfied. *See Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 4 F.3d 1556, 1566 (upholding the bankruptcy court's award of pre-judgment interest and ruling that "[a]n award of prejudgment interest would serve to compensate the debtor's estate for appellants' use of those

funds that were wrongfully withheld from the debtor's estate during the pendency of the current suit. Additionally, an award of prejudgment interest would appear to be consistent with the balance of equities."); *In re Rodriguez*, 204 B.R. 510, 518 (Bankr. S.D. Tex. 1995) (ruling that "[p]rejudgment interest may generally be awarded in cases where such an award serves to compensate the injured party and is otherwise equitable").

## V.    CONCLUSION

17.    The Trustee is entitled to immediately recover from Wyndham the principal amount of $56,596.17 as well as applicable pre and post-judgment interest.

### END OF OPINION ###